## Case No. 8,351.

### LILLIE v. REDFIELD.

[4 Blatchf. 41.] [1]

Circuit Court, S. D. New York. April 21, 1857.

CUSTOMS DUTIES—INVOICE VALUATION—FRAUD IN VALUATION—CORRECTION OF ERROR.

1. Semble, that the proviso which concludes the 8th section of the tariff act of July 30, 1846 (9 Stat. 43), was not repealed by the act of March 3, 1851 (9 Stat. 629), and that such proviso applies to entries made without any increase in the valuation given in the invoice, as well as to those in which an addition has been made to the invoice under the provisions of that section.

2. Where a fraud was committed on an importer of segars, by the manufacturer of them, by invoicing them erroneously as to their grades, and the duties were deposited on the valuation in the invoice, and the government appraisers decided that the fraud had been committed, and that the invoice should be reduced accordingly, but the collector refused to permit the reduction, because the secretary of the treasury, after correspondence on the subject, would not authorize it, and exacted duties on the invoice value, and the entries were then adjusted and liquidated under a protest annexed to a copy of the appraisers' report setting forth the error in the grades, the protest referring to the report and the correspondence: *Held*, that the collector ought to have allowed the error to be corrected, and that the protest was sufficient, and was made in time.

This was an action [by Benjamin H. Lillie and others] against [Heman H. Redfield] the collector of the port of New York, to re-

cover back an alleged excess of duties exacted on certain entries of segars, of various brands and different grades, which had been procured under a contract, and were invoiced as of first, second, and third grades. The duties were deposited on the valuations in the invoices. On an examination of the segars, it was discovered that they had been fraudulently invoiced by the manufacturer, seconds being invoiced as firsts, and thirds as seconds. It was proved that there was no difficulty in determining the different grades. The government appraisers, after this fact was called to their attention, decided that seconds had been invoiced as firsts, and thirds as seconds, and that the invoices should be reduced accordingly. The jury found a verdict for the plaintiffs.

John S. McCulloh. for plaintiffs.
John McKeon, Dist. Atty., for defendant.

HALL, District Judge. I am not prepared to say that the counsel for the plaintiffs in this case is right in supposing that the proviso which concludes the 8th section of the tariff act of July 30, 1846 (9 Stat. 43) was repealed by the act of March 3, 1851 (9 Stat. 629.) On the contrary, I am strongly inclined to the opinion that the proviso referred to is in full force. I am also quite clear, that the proviso applies to entries made without any increase in the valuation given in the invoice, as well as to those in which an addition has been made to the invoice under the provisions of that section. I do not, however, intend to decide these questions, as I do not deem it necessary to do so in the present case.

I regard the evidence in this case, and the finding of the jury, as sufficient proof that there was a fraud committed upon the importers, by a mis-description, in the invoices, of the goods intended to be, and in fact, entered; and I am of the opinion that, when this fraud was discovered, it was the duty of the collector to correct the assessment of duties accordingly. The grades are matters of description. If, under like circumstances, coffee had been invoiced as best Java coffee, when it was in fact a low grade of St. Domingo coffee, worth not more than half the price of the former, and had been honestly entered according to the invoice, but, before the duties were liquidated, it had appeared that, through error or fraud on the part of the foreign merchant, the importer had entered it by a wrong description, and at double its fair dutiable value, I think the importer would have had a right to demand that the duties should be assessed upon it as St. Domingo coffee, and only at its fair dutiable value. Certainly, if the invoice was of "pure white lead," and by error or fraud, the article actually entered was "whiting," of half the value, it would hardly be contended that the proviso referred to should conclude the importer. I can see no real difference

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

in the cases, for the grades are a necessary part of the description of the article invoiced. I see no reason for rejecting the plaintiff's claim.

The protest was annexed to a copy of the appraisers' report or statement, which set forth this error in the grades, and it referred to that statement, and to the correspondence between the plaintiffs and the secretary of the treasury. It must, I think, be considered sufficient. Indeed, no objection was taken to the form of the protest, but it was insisted it was not made in time. Under the case of Marriott v. Brune, 9 How. [50 U. S.] 619, it was in time. The matter was for a long time in negotiation after the deposit or advance of the duties claimed, and the collector, as appears from the correspondence, was apparently willing to correct the error, if he could do so under the authority of the secretary of the treasury. This authority was refused, after which, as the case states, "the said entries were adjusted and liquidated on the 13th of September, 1855," and after the protest had been made. The plaintiffs must have judgment on the verdict, the amount to be adjusted at the custom-house.